CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
OCT 22 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JEROME CRUMP,<br>          *Plaintiff,*<br>v.<br>DARLENE MACK,<br>HILDA STEVENS,<br>STEPHANIE PROKITY, AND<br>SIESA, LLC,<br>          *Defendants.* | CIVIL NO. 6:08CV00017<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendants' motion to dismiss for lack of subject matter jurisdiction (docket no. 12), filed on August 22, 2008. For the following reasons, Defendants' motion is DENIED.

### I. BACKGROUND

On June 5, 2008, Plaintiff, Jerome Crump, filed a Complaint against Defendants SIESA, LLC, Darlene Mack, Hilda Stevens, and Stephanie Prokity (docket no. 1), asserting quasi-contract, unjust enrichment, and tortious interference claims. SIESA is an educational consulting group that markets various educational products to schools and parents to help promote student achievement. The individual Defendants are all members or agents of SIESA. Plaintiff is a business consultant and claims that he has over thirty years of experience forming businesses and managing companies. In short, Plaintiff alleges that, pursuant to an agreement with Defendants, he developed a business plan, a marketing plan, and two websites for SIESA but was subsequently pushed out of the company and wrongfully denied compensation for his services.

According to Plaintiff, the Court has subject matter jurisdiction to hear this case under 28 U.S.C. § 1332[1] because he is a resident of California, the individual Defendants are residents of Virginia, SIESA is incorporated and does business in Virginia, and the amount in controversy exceeds $75,000. He claims that he performed over 800 hours of consulting work for SIESA in 2007, providing at least $120,000 in services based on his fee of $150 per hour. Defendants argue that this Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000. They argue that Plaintiff could not possibly be entitled to over $75,000 because the gross sales for SIESA in 2007 amounted to only $32,848, none of which was a result of sales made by Plaintiff. In further support of this point, Defendants state that SIESA's: (i) gross profit in 2007 was only $15,774, (ii) ordinary business income was a loss of $19,352, and (iii) net value was zero as of June 2008.

## II. STANDARD OF REVIEW

When a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure contends that the jurisdictional allegations of the complaint are untrue, then "[a] trial court may then go beyond the allegations of the complaint and…determine if there are facts to support the jurisdictional allegations." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). The plaintiff bears the burden of proving subject matter jurisdiction, and a court may consider evidence by affidavit, deposition, or live testimony. "Unlike the procedure in a 12(b)(6) motion where there is a presumption reserving the truth finding role to the ultimate fact finder, the court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction." *Id.*

---

[1] 28 U.S.C. § 1332(a)(1) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

## III. DISCUSSION

In determining the existence of federal diversity of citizenship jurisdiction, the amount in controversy claimed by the plaintiff is controlling as long as the claim is made in apparent good faith. *Saint Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938). In other words, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction." *Id.* However, if, from the face of the pleadings, it is clear to a legal certainty that the plaintiff cannot recover the amount claimed, then a court may dismiss for want of subject matter jurisdiction. *Id.*

Considering Plaintiff's claims with the additional evidence submitted by Defendants, it does not appear to a legal certainty that Plaintiff's claim is for less than the jurisdictional amount. Regardless of SIESA's financial position in 2007, Plaintiff still could have been operating under an agreement that he would be compensated at his normal consulting rate of $150 per hour. Assuming Plaintiff performed 800 hours of work for SIESA, the alleged hourly rate puts the amount in controversy at $120,000—well over the jurisdictional amount. Plaintiff's inability to recover $120,000 at trial does not show that his claim is in bad faith or that this Court lacks jurisdiction. Accordingly, Defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to both parties.

Entered this 22nd day of October, 2008.

---

citizens of different states."

*signature*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE