CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

OCT 23 2008

JOHN F. CORCORAN, CLERK
BY: /s/ *[signature]*
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JEROME CRUMP,<br>*Plaintiff,*<br><br>v.<br><br>DARLENE MACK,<br><br>HILDA STEVENS,<br><br>STEPHANIE PROKITY, AND<br><br>SIESA, LLC,<br>*Defendants.* | CIVIL NO. 6:08CV00017<br><br><br><u>MEMORANDUM OPINION</u><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendants' motion to dismiss for failure to state a claim upon which relief can be granted (docket no. 13), filed on August 22, 2008. For the following reasons, Defendants' motion is GRANTED.

**I.    BACKGROUND**

On June 5, 2008, Plaintiff, Jerome Crump, filed a Complaint (docket no. 1) against Defendants SIESA, LLC ("SIESA"), Darlene Mack, Hilda Stevens, and Stephanie Prokity (the "individual Defendants"). SIESA is an educational consulting group that markets various educational products to schools and parents to help promote student achievement. The individual Defendants are all members or agents of SIESA. Plaintiff is a business consultant and claims that he has over thirty years of experience forming businesses and managing companies.

Plaintiff alleges that he was initially approached by Ms. Mack to join SIESA and assist in the development of a business plan and marketing plan for the company. He claims that he started working with SIESA in January 2007 and eventually became the company's Vice

President of Sales and Marketing. Plaintiff claims that in 2007, pursuant to an agreement with the Defendants, he spent over 800 hours presenting SIESA's products to educational leaders and potential customers, developing SIESA's business and marketing plans, and creating the company's first two websites. Plaintiff alleges that his relationship with the individual Defendants deteriorated when, based on feedback from others in the educational field, he advised that some of the company's products needed to be re-designed. At that point, according to Plaintiff, the individual Defendants began to exclude him from company matters, developed a new website and email domain that he was not privy to, and requested he sign an agreement relinquishing his interest in the company in return for the start-up money he invested. In light of these events, Plaintiff alleges two counts in his Complaint: (i) quasi-contract and unjust enrichment, and (ii) interference with contract and expectancy of profit.

## II.   STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint to determine whether the plaintiff has properly stated a claim. It does not resolve conflicts concerning "the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted). The facts alleged in the complaint must "raise a right to relief above the speculative level," *id.* at 1965, with all allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005).

2

## III. DISCUSSION

### A. Plaintiff's Claim of Quasi-Contract and Unjust Enrichment Against Individual Defendants Mack, Stevens, and Prokity Should Be Dismissed

In Count I of the Complaint, Plaintiff alleges that he entered into an agreement with the individual Defendants to design a business and marketing plan for SIESA and therefore had a reasonable expectation of compensation for his services. Because he created two websites, a business plan, and a marketing plan, and established numerous professional contacts on behalf of SIESA in the educational field, Plaintiff alleges that the Defendants should have reasonably expected to pay him for his services. He claims that the Defendants were unjustly enriched because they received the benefit of his services but failed to compensate him for the 800 hours he devoted to SIESA. Defendants argue that this claim should be dismissed as to individual Defendants Mack, Stevens, and Prokity because the claims of quasi-contract and unjust enrichment pertain only to the Defendant SIESA and because Virginia law shields agents of a LLC from personal liability for the obligations of the company.

Virginia Code Section 13.1-1019 states:

> Except as otherwise provided by this Code or as expressly provided in the articles of organization, no member, manager, organizer or other agent of a limited liability company shall have any personal obligation for any liabilities of a limited liability company, whether such liabilities arise in contract, tort or otherwise, solely by reason of being a member, manager, organizer or agent of a limited liability company.

Plaintiff has alleged the existence of an agreement with SIESA. He has not alleged any facts supporting a personal agreement with any of the individual Defendants outside of their roles as agents of the company. Similarly, Plaintiff's expectation was to be compensated by SIESA, not by any of the individual Defendants. He has failed to allege any express or implied promise of anything that was not for the benefit of SIESA. The claim of quasi-contract and unjust enrichment pertains to SIESA and only includes the individual Defendants by virtue of

3

their roles as agents of the LLC.

As noted by Plaintiff, a member of a LLC may be individually liable where the plaintiff pleads facts demonstrating that particular member's culpability in the company's tortious conduct that extends beyond that his or her mere status as a member of the company. *See, e.g., McFarland v. Va. Ret. Servs. of Chesterfield, LLC*, 477 F. Supp. 2d 727, 740 (E.D. Va. 2007). In this Count, however, Plaintiff does not allege tortious conduct and fails to allege any actions taken on behalf of the individual Defendants that extend beyond their respective statuses as agents of SIESA. For these reasons, Plaintiff fails to state a claim upon which relief can be granted as to the individual Defendants. Accordingly, Defendants' motion to dismiss Count I of the Complaint as against individual Defendants Mack, Stevens, and Prokity is granted. However, Plaintiff's claim of quasi-contract and unjust enrichment against SIESA survives.

### B. Plaintiff's Claim of Tortious Interference with Contract and Expectancy of Profit Against All Defendants Should Be Dismissed

In Count II of the Complaint, Plaintiff alleges that he had a valid expectation of compensation from Defendants because of the consulting services he provided and the websites he created for SIESA. He claims that Defendants intentionally, willfully, and maliciously interfered with his expectation of compensation by concealing their intent not to compensate him for his services. More specifically, Plaintiff claims that Defendants cut him out of SIESA by developing a new website containing his work product from the previous two sites and directing prospective customers and clients not to deal with him.

Defendants argue that Plaintiff's interference with contract claim should be dismissed because Plaintiff fails to allege the existence of a contract that could be interfered with in the first place. Defendants argue that Plaintiff's interference with a business expectancy claim should be dismissed because Virginia law requires interference by a third party, and as agents

4

and members of the LLC, the individual Defendants were not third parties capable of interfering with any expectancy that Plaintiff had as a result of his agreement with SIESA.

Defendants are correct that Plaintiff fails to allege the existence of a contract in his Complaint. Accordingly, Plaintiff's potential claim is limited to tortious interference with a business expectancy. To state a claim for tortious interference with a business expectancy in Virginia, a plaintiff must plead facts sufficient to prove: "(1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) resultant damage to the party whose relationship or expectancy has been disrupted," and (5) "that the defendant interfered by employing improper methods." *Peterson v. Cooley*, 142 F.3d 181, 186 (4th Cir. Va. 1998) (citing *Chaves v. Johnson*, 335 S.E.2d 97, 102 (Va. 1985); *Duggin v. Adams*, S.E.2d 832, 836 (Va. 1987)). "Improper means" has been defined to "include violence, threats or intimidation, bribery, unfounded litigation, fraud, misrepresentation or deceit, defamation, duress, undue influence, misuse of confidential information, or breach of a fiduciary relationship," as well as unethical conduct, unfair competition, sharp dealing, or overreaching. *Duggin*, 360 S.E.2d at 836-37.

Under Virginia law, it is well-settled that a person cannot intentionally interfere with his own contract. *Chaves v. Johnson*, 335 S.E.2d 97, 102 (1985). While Plaintiff alleges the existence of a quasi-contractual relationship with Defendants, it follows by analogy that a person cannot intentionally interfere with his own business or contractual expectancy. *See, e.g., Welch v. Kennedy Piggly Wiggly Stores, Inc.*, 63 B.R. 888, 894 (W.D. Va. 1976) (holding that an employer by definition cannot interfere with an employment relationship with its own employee because "the act must be committed by an intervening party to the subject relationship between others."). Plaintiff is alleging that the individual Defendants interfered with his expectation of

5

compensation from SIESA. But, as agents of SIESA, the individual Defendants are not capable of interfering with this expectancy.

If an agent of a party to a contract acts outside the scope of her employment in tortiously interfering with the contract, then the aggrieved party may be entitled to recover if the agent is unable to establish an affirmative defense of justification or privilege. *Fox v. Deese*, 362 S.E.2d 699, 708 (Va. 1987). But Plaintiff fails to allege any facts showing that any of the individual Defendants acted outside the scope of their employment with SIESA. Because the individual Defendants, as agents of SIESA, are incapable of interfering with any business expectancy Plaintiff had with the company, and because the individual Defendants do not appear to have been acting outside the scope of their employment, Plaintiff has failed to state a claim for which relief may be granted. Accordingly, Defendants' motion to dismiss as to Count II is granted.

### IV. CONCLUSION

Defendants' motion to dismiss Count I of the Complaint as against individual Defendants Mack, Stevens, and Prokity is GRANTED. Defendant's motion to dismiss Count II of the Complaint as against all Defendants is also GRANTED. Plaintiff's claim of quasi-contract and unjust enrichment against SIESA survives.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to both parties.

Entered this 23rd day of October, 2008.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE